J-A08019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| A.O. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| P.O. | |
| Appellee | No. 1733 MDA 2014 |

Appeal from the Order Entered September 10, 2014
In the Court of Common Pleas of Lackawanna County
Orphans' Court at No.: 06FC 40111

BEFORE: SHOGAN, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED MARCH 30, 2015**

A.O. ("Mother") appeals the September 10, 2014 order that denied her petition to remove the guardian *ad litem* ("G.A.L.") of the minor children who are the subject of custody litigation between Mother and P.O. ("Father"). After review, we quash the appeal.

The trial court provided the following summary of the history of this case:

> On January 24, 2006, Mother filed a complaint in custody against [Father] seeking custody of the minor children, K.O. and L.O. On February 21, 2006, [the] Honorable Judge [Chester] Harhut awarded primary physical custody to Mother and shared legal custody between Mother and Father. Father had periods of partial custody on weekends and Wednesdays. Because of the acrimonious relationship between the parties, the order also stated that "neither parent shall say or do anything in the

---

[*]    Retired Senior Judge assigned to the Superior Court.

presence or hearing of the children that would in any way diminish the children's love or affection for the other parent, and shall not allow others to do so."  On September 20, 2006, [the] Honorable Judge Harhut appointed Michael Marrazzo, Esquire, as G.A.L. of the minor children, who agreed to provide his services *pro bono*.  On June 19, 2007, [the] Honorable Judge Harhut ordered that Danielle Ross, Esquire, would replace Attorney Marrazzo as the G.A.L. for the minor children and Lackawanna County would pay the services of the G.A.L.  . . .

On June 3, 2013, Bonni Shelp, Esquire, replaced Danielle Ross, Esquire, as G.A.L. of the minor children.  On June 4, 2013, Attorney Shelp filed a petition for emergency special relief in custody seeking to prohibit Mother from relocating to Pottstown with the minor children and to transfer custody of the minor children to Father.  The G.A.L. alleged in her petition that she was advised that Mother had decided to relocate and had taken substantial steps in furtherance of that goal without conferring with Father or filing a petition to relocate with the court.  On June 14, 2014, following a hearing on the G.A.L.'s petition for special relief, [the] Honorable Judge [Margaret] Moyle modified custody to shared physical custody of the [children].  On June 20, 2013, Mother then filed a petition to modify [the] custody order due to relocation, in which Mother sought to relocate the minor children to Pottstown, PA.  After an evidentiary hearing on the matter in front of [the trial] court on August 12, 2013 on Mother's proposed relocation, [the trial] court granted the G.A.L.'s request for a nonsuit, holding that Mother, the party proposing relocation, failed to sustain her burden in establishing that relocation would serve the best interest of the minor children.  On November 13, 2013, [the trial] court entered an opinion setting forth its reasons for denying Mother's relocation.  The Superior Court remanded Mother's relocation to [the trial] court,[1] and the hearing has not yet been held, due to several requests for continuances by Mother.  On April 30, 2014, Mother

_____

[1]   This Court vacated the trial court's order, holding that the trial court erred in precluding evidence pertaining to custody when both custody and relocation were implicated in Mother's petition.  *A.O. v. P.O.*, 1645 MDA 2013, at 8-9. (Pa. Super. March 17, 2014) (unpublished memorandum).  We also noted that the grant of a nonsuit was procedurally improper.  *Id.* at 7 n.1.  We remanded the case for a full evidentiary hearing.  *Id.* at 10.

filed a motion to remove [the Honorable Richard Saxton] from this case, alleging "where upon advise [*sic*] of Ms. Shelp, the Honorable Judge Saxton refused to hear pertinent evidence and witnesses."

On July 3, 2014, Mother filed a petition to remove [the] G.A.L. from this case. Mother alleged in her petition that Attorney Shelp lost impartiality and had an "overly adversarial relationship to Mother." A hearing was set before [the trial] court on August 11, 2014 on Mother's petition and later continued to August 29, 2014 before [the trial] court.

On August 29, 2014, [the trial] court heard oral argument on Mother's petition to remove the G.A.L. At the conclusion of the hearing, [the trial] court found that Mother did not present sufficient evidence to support her petition and denied Mother's petition. [The trial] court entered an order on September 10, 2014 codifying [the trial] court's decision to deny Mother's petition.

Trial Court Opinion ("T.C.O."), 11/10/2014, at 1-4 (minor modifications to capitalization and punctuation; footnote and citations to record omitted).

On October 8, 2014, Mother timely filed a notice of appeal and her concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On November 10, 2014, the trial court filed its Rule 1925(a) opinion.

Before we reach the issues that Mother raises in her appeal, we first must ensure that the September 10, 2014 order is appealable. "Ordinarily, this Court has jurisdiction only of appeals from final orders." ***D.L.H. v. R.W.L.***, 777 A.2d 1158, 1158 (Pa. Super. 2001). "[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the

parties." ***G.B. v. M.M.B.***, 670 A.2d 714, 720 (Pa. Super. 1996); ***see also*** Pa.R.A.P. 341(b) (defining a final order as one that: (1) disposes of all claims and all parties; (2) is defined as a final order by statute; or (3) is entered as an express final order by the trial court). At the time of the hearing on Mother's petition to remove the G.A.L., there was a pending remand from this Court for a full evidentiary hearing on Mother's petition for relocation. As that has yet to occur and has been continued pending the instant appeal, the trial court could not have intended its September 10, 2014 order to "constitute a complete resolution of the custody claims pending between the parties." ***G.B.***, *supra*. Therefore, the order was not a final order.

However, this does not end our inquiry. Even it is not a final order, an order is appealable if it is an interlocutory appeal as of right, ***see*** Pa.R.A.P. 311; an interlocutory appeal by permission, ***see*** Pa.R.A.P. 312; or a collateral order, ***see*** Pa.R.A.P. 313. Mother did not file a petition for permission to appeal so the order is not appealable pursuant to Pa.R.A.P. 312 and 1311. Denial of a petition to remove a G.A.L. is not listed as an interlocutory appeal as of right pursuant to Pa.R.A.P. 311.

Therefore, we must consider whether Mother's appeal is from a collateral order. "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P.

313(b). Therefore, the three elements of a collateral order are "separability, importance and irreparable loss." **Rehrer v. Youst**, 91 A.3d 183, 188 (Pa. Super. 2014).

**Rehrer**, while not directly on point, is instructive. In **Rehrer**, upon a motion by the defendants, a trial court appointed a G.A.L. for an incapacitated minor who was the plaintiff, along with her mother, in a negligence suit. **Id.** at 186-87. The mother appealed the appointment. This Court determined that the appointment was a collateral order. First, it held that the issue concerning the G.A.L. (whether the trial court abused its discretion in determining that a G.A.L. was needed to effectuate the minor's best interests) was separable from the underlying issue of the case (whether the defendants were negligent). Next, this Court found that the issue was too important to be denied review because the mother was losing her fundamental right as a parent to make decisions regarding her child: namely, the protection of the child's legal interests. Finally, because the G.A.L. had the authority to settle the law suit, if settlement were reached, the mother would have no avenue to contest the appointment, and the claim would be irreparably lost. **Id.** at 188.

The facts of this case lead to a different result. Unlike the negligence action in **Rehrer**, appointment of a G.A.L. is entwined with the underlying action and is not separable. A G.A.L. represents a child's best interest and is only appointed when necessary to assist with the determination of the child's best interest. **See** Pa.R.A.P. 1915.11-2(a). Similarly, the purpose of the

underlying relocation and custody action is also to determine the children's best interest. **S.J.S. v. M.J.S.**, 76 A.3d 541, 554 (Pa. Super. 2013) ("Our concern in any custody or relocation matter is the best interest of the child."). Also, this case does not present that same type of important issue that cannot be denied review. Mother is not losing any fundamental parental rights. Whether or not the G.A.L. is involved, the trial court will determine what custody rights Mother will have. Finally, Mother will be able to present her current claims regarding the G.A.L. if she decides to appeal the final custody order after the pending hearing, so her claim will not be irreparably lost. As it satisfies none of the prongs of Rule 313, the order appealed is not a collateral order. Therefore, it is not an appealable order and accordingly, this appeal is quashed.

As guidance for the pending hearing on Mother's relocation, we note that, at the prior relocation hearing, the G.A.L. acted as counsel, including cross-examining witnesses. **See, e.g.**, Notes of Testimony, 8/12/2013, at 40. As of September 3, 2013, a G.A.L. no longer has the right to present witnesses or evidence or examine or cross-examine witnesses. Pa.R.A.P. 1915.11-2, Note; 1915.25. Therefore, in future proceedings, the G.A.L. shall not be permitted to cross-examine witnesses.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2015