J-A12001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.S., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| A.V.S., | |
| Appellant | No. 3213 EDA 2015 |

Appeal from the Order September 21, 2015
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 0C0174676

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 09, 2016**

A.V.S. (Mother) appeals *pro se* from the September 21, 2015 order that, after a hearing, suspended her "supervised physical custody (visitation)" of C.S.S. (Child), born in September of 2001, "until further order of the court."  Order, 9/21/15, at 1.  Because we determine that the order appealed from is interlocutory, and not final, we quash this appeal.

The almost non-existent certified record in this case appears to show that Mother has been seeking custody of Child since March of 2006.  The certified record only contains the list of docket entries, the September 21, 2015 order from which this appeal stems, and the trial court's memorandum

_____

[*] Former Justice specially assigned to the Superior Court.

in lieu of an opinion, dated November 3, 2015, which states in its entirety

that:

> The September 21, 2015[, o]rder that Appellant [Mother] seeks to appeal cannot be appealed because it is an interim order. It is not a permanent order because the court has indicated that [Mother's] custody is suspended until further order of the court. Furthermore, in [Mother's] [s]tatement of [e]rrors, [Mother] failed to present this court with an articulable clear and concise statement of matters filed on appeal.

Trial Court's Memorandum in Lieu of Opinion, 11/3/15.

When confronted with an order that does not appear to be final, this

Court is guided by the following excerpt from **Kassam v. Kassam**, 811 A.2d

1023 (Pa. Super. 2002), that states:

> Generally, "a custody order will be considered final and appealable only after the trial court has completed its hearings on the merits and the resultant order resolves the pending custody claims between the parties." **G.B. v. M.M.B.**, 448 Pa. Super. 133, 670 A.2d 714, 715 (Pa. Super. 1996) (quashing appeal as interlocutory where order allowing father partial custody pending completion of hearings contemplated additional hearing on ultimate issues in the case). In the context of finality of orders, we recognize the uniqueness of custody orders compared to orders in other civil actions. **Id.** 670 at 718 n.9.
>
>> Child custody orders are temporary in nature and always subject to change if new circumstances affect the welfare of a child. The Commonwealth has a duty of paramount importance, to protect the child's best interests and welfare. To that end, it may always entertain an application for modification and adjustment of custodial rights.
>
> **Id.** (citations omitted).

**Id.** at 1025.

Subsequent to this statement by the **Kassam** Court, the **Kassam** opinion sets forth an extensive discussion contained in the **G.B.** decision, which reviews a number of previously decided cases, and concludes that "a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." **Kassam**, 811 A.2d at 1027 (quoting **G.B.**, 670 A.2d at 721 (emphasis omitted)).

Here, it is evident from the court's statement in its memorandum opinion that it did not intend the September 21, 2015 order to be a final order that disposes of all claims and of all parties. **See** Pa.R.A.P. 341. More importantly, the language of the order contemplates the court's expectation that additional proceedings will occur. Therefore, the custody order at issue does not meet the second prong of the test expressed in **Kassam**. Accordingly, we are compelled to quash this appeal as interlocutory.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016