J-S75031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.R., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| R.C.A., | : | No. 1420 EDA 2016 |

Appellant
Appeal from the Order April 7, 2016
in the Court of Common Pleas of Monroe County
Domestic Relations at No(s):  No. 1103 DR 2015,
No. 1732 CV 2016

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 11, 2016**

R.C.A. ("Father") appeals, *pro se*, from the Order adopting the Recommendation of the Custody Conciliator as an Interim Order of Court ("Interim Order").  We quash the appeal.

On March 7, 2016, M.R. ("Mother") filed a Complaint in Custody, seeking sole legal and physical custody of their minor daughter, S.A.  Father was in prison at the time of filing, and will remain in prison until approximately March 2020.  The trial court ordered Mother and Father to attend a custody conciliation conference, which was held on April 1, 2016.  Father did not attend, nor was he represented at, the custody conciliation conference.  The Custody Conciliator issued a Recommendation the same day, which would grant Mother sole legal and physical custody of S.A.  On April 7, 2016, the trial court issued an Interim Order, adopting the

Recommendation. Father, *pro se*, filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.[1]

Initially, before we may consider the merits of Father's underlying claim, we must determine whether this Court has jurisdiction to consider the appeal. Pursuant to Pa.R.A.P. 341, an appeal may be taken as of right only from a final order. **See** Pa.R.A.P. 341(a). Generally, "a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." **G.B. v. M.M.B.**, 670 A.2d 714, 720 (Pa. Super. 1996).

Here, Father appeals from the Interim Order adopting the Custody Conciliator's Recommendation. In its Opinion, the trial court stated that it "[has] not yet held a hearing on the merits, and [the] Order was not intended to constitute complete resolution of the custody action." Trial Court Opinion, 6/20/16, at 5. Additionally, the Recommendation indicated that Father could still file a petition to request another conciliation

---

[1] Father did not file a Concise Statement of matters complained of on appeal with his Notice of Appeal, as required by Pa.R.A.P. 1925(a)(2)(i) and 1925(b). However, on May 5, 2016, the trial court ordered Father to file a Concise Statement, and he complied. The trial court determined that Mother did not suffer prejudice as a result of the delay. **See** Trial Court Opinion, 6/20/16, at 3; **see also In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that "there is no *per se* rule requiring quashal or dismissal of a defective notice of appeal," and dismissal is inappropriate where the appellee has suffered no prejudice).

conference. Thus, the Interim Order is not a final, appealable order, as defined by Pa.R.A.P. 341. *See G.B.*, 670 A.2d at 721 (quashing appeal where custody order was entered before the trial court conducted a hearing on the merits, and the order was not intended to constitute a complete resolution of the issues).[2]

Because the Interim Order adopting the Recommendation is not final and appealable, Father's challenge to the Interim Order must be quashed.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016

_____

[2] Father's appeal from the trial court's Interim Order is not an interlocutory appeal as of right, as defined by Pa.R.A.P. 311, an interlocutory appeal by permission, as defined by Pa.R.A.P. 312, or an appeal taken from a collateral order, as defined by Pa.R.A.P. 313. *See* Trial Court Opinion, 6/20/16, at 4.