J-A28004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 911 MDA 2021 |

Appeal from the Order Entered July 2, 2021
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-JM-0000062-2020

BEFORE: LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 02, 2022**

The Commonwealth of Pennsylvania (Commonwealth) appeals from the

interlocutory order,[1] entered in the Court of Common Pleas of York County,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth has certified that this appeal is permissible as a collateral order. **See** Pa.R.A.P. 313(b) ("A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."). "With regard to the first prong of the collateral order doctrine, an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." **K.C. v. L.A.**, 128 A.3d 774, 779 (Pa. 2015) (internal citation and quotation marks omitted). Regarding the second prong, "a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." **Id.** at 779. "[I]t is not sufficient that the issue under review is important to a particular party; it 'must involve rights deeply rooted in public policy going beyond the particular litigation at hand.'" **Stahl v. Redcay**, 897 A.2d 478, 485 (Pa. Super. 2006). Concerning the third prong, whether a party's claims will be "irreparably lost"
*(Footnote Continued Next Page)*

limiting forensic interviews of L.S. (born Feb. 2015) (Child) to those conducted only by L.S.'s guardian *ad litem* (GAL) for fear of parent coaching and resulting taint.[2] The order further requires that any other party, including the Commonwealth, wishing to interview Child as part of a separate, ongoing child abuse investigation, first obtain "the knowledge and consent of the GAL," as well as secure the GAL's presence, unless the GAL agrees otherwise. After careful review, we dismiss this appeal as moot.

Child is the subject of ongoing custody and dependency matters, involving contentious parents. After a final custody order was entered granting Mother primary and Father partial physical custody of Child, the York County Office of Children, Youth, and Families (CYF) sought to suspend Father's custodial rights pending an investigation based on allegations of sexual abuse of Child by Father. As part of its child abuse investigation, the

_____

if review is postponed turns on the particular facts and circumstances of each case. *G.B. v M.M.B.*, 670 A.2d 714, 721 (Pa. Super. 1996) (en banc). Here, we conclude, as did the panel in *Z.P. v. K.P.*, A.3d , 2022 PA Super 6, *19 (Pa. Super. filed Jan. 6, 2022), that: (1) the trial court's order placing limitations on the Commonwealth from interviewing Child is separable from the underlying custody dispute; (2) the Commonwealth's ability to conduct a child abuse investigation without interference from a custody court is a right too important to be denied review; and (3) the Commonwealth's right would be irreparably lost if we denied review where the Commonwealth would then have to follow the restrictive dictates of the trial court to conduct its child abuse investigation. *See id.* at *19. Notably, at the time the Commonwealth filed its interlocutory appeal the right would have been irreparably lost had we denied review, thus vesting this court with jurisdiction to consider the appeal. However, during the pendency of the appeal, as we determine *infra*, the issue was finally decided, and, thus, has become moot.

[2] *See G.S. v. V.O.*, 2014-000295-03 (involving custody and protection from abuse matters).

York County District Attorney's Office attempted to conduct an in-person forensic interview of Child at the Children's Advocacy Center (CAC).

On August 11, 2021, a forensic interview of Child was conducted at the CAC in compliance with the restrictions set forth in the trial court's July 2, 2021 interlocutory order. Appellee's Brief, at 7. On September 2, 2021, the district attorney's office notified the CYF caseworker in the underlying custody matter that the criminal child abuse investigation had been closed and that the referral had been deemed "unfounded." *Id.* at 7-8. Additionally, during the pendency of this appeal, our Court decided *Z.P.*, *supra*, a case addressing the same issue presented in this matter.[3]

In *Z.P.*, our Court concluded that under the relevant provisions of the Child Protective Services Law (CPSL):[4]

_____

[3] The Commonwealth claims in its reply brief that "the issue in [*Z.P.*] is not identical to the issue in this case. . . . That matter, unlike the instant matter, did not include the issue of whether or not a custody court judge can impose requirements that the GAL be present for any forensic interviews of suspected child abuse victims." Appellant's Reply Brief, at 4-5. We disagree. In *Z.P.*, the trial court's order specifically stated that "no interview of the children shall be conducted by any attorney or law enforcement **without the permission of the GAL and attorney in this case, Lori Yost. Attorney Yost need not be present for the interview if she feels that it is not necessary to protect the interest of her client. However, a decision by her to be present for any interview, including an interview at the CAC, is solely at the discretion of the GAL looking at protecting the interest of her clients**." *Z.P.*, *supra*, at *14-*15.

[4] *See* 42 Pa.C.S.A. §§ 6301-6475. In *In re C.B.*, A.3d , 2021 PA Super 189 (Pa. Super. filed Sept. 23, 2021) (en banc), our full Court recently reiterated:

*(Footnote Continued Next Page)*

> [T]he trial court has no authority to establish the investigatory protocol, or place limits on how the District Attorney and CYS follow that protocol.  *See* 23 Pa.C.S.A. §§ 6334.1, 6346(c), 6365(c).  Put simply, nothing in [s]ection 8334.1 or 6365(c) of the [(]CPSL[)] contemplates a custody court's role in the investigatory process.

*Id.* at *35.  Rather, "any problems with the timing, frequency, **and other procedures employed**[5] during child abuse investigations are matters best left to the legislature to address." *Id.* at *36 (emphasis added).  Accordingly, our Court reversed the trial court's order, holding that "the trial court lacked the authority to dictate the manner in which the Commonwealth and CYF conducted [their] child abuse investigation in th[e] case" and remanded the matter "with instructions that the Commonwealth be permitted to interview Children pursuant to procedures established in York County." *Id.* at *37-*38.

Here, we conclude that this appeal is now moot.

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.  In that case, an opinion of an appellate court is rendered advisory in nature.  An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

---

> The [] CPSL . . . controls determinations regarding findings of child abuse, which the juvenile courts must find by clear and convincing evidence.  The CPSL does not provide for legal determinations of abuse; it is mainly a vehicle for reporting abuse and bringing quickly into play those services (including court hearings) available through county protective service facilities for the care of the child.

*Id.* at *14.

[5] *See supra* at n.3.

- 4 -

*In re J.A.*, 107 A.3d 799, 811 (Pa. Super. 2015), quoting *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (en banc).

Presently, the appeal is moot because:  (1) after a CAC forensic interview took place under the constraints of the now-appealed trial court order,  the child abuse investigation was deemed "unfounded" and the matter has been closed; (2) our Court has finally decided the issue raised on appeal in *Z.P.*, a published decision, which the trial court will be bound to follow prospectively; and (3) *Z.P.* effectively grants the Commonwealth's requested relief.  *See In re J.A.*, *supra* at 811 ("An issue can become moot during the pendency of an appeal due to . . . an intervening change in the applicable law.").

Appeal dismissed as moot.[6]  Case remanded for proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/02/2022

---

[6] Although we have determined that this appeal is now moot, we emphasize our disapproval of the trial judge's actions in the underlying matter.  As espoused in *Z.P.*, the trial court simply did not have the "authority to dictate the manner in which the Commonwealth and CYF conducted its child abuse investigation[.]"  2022 PA Super 6, at *37.