J-S44007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| LAURA BOGGS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODY MURRAY | : | No. 1090 MDA 2022 |

Appeal from the Order Entered July 8, 2022
In the Court of Common Pleas of Cumberland County
Civil Division at No(s):  2020-01963

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED MARCH 14, 2023**

Laura Boggs ("Mother") appeals, *pro se*, from the custody order entered on July 1, 2022,[1] granting Cody Murray ("Father") temporary sole legal and physical custody of their minor daughter ("Child," born in 2018). Because we conclude that Mother's appeal is interlocutory, we quash.

This custody action originated in Franklin County in 2019 and has involved an extensive number of filings and conciliation conferences. Most recently, in April 2022, Mother and Father entered a shared custody agreement and agreed to continue conciliation.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court issued the order following the July 1, 2022 hearing. The order was docketed on July 8, 2022.

Father later filed a petition for contempt of the April 2022 custody order, claiming that Mother failed to return Child to Father for his periods of physical custody. On June 14, 2022, Father filed an emergency petition for special relief arguing Mother had become increasingly hostile and refused to appear for custody exchanges. Following conciliation, the parties could not reach an agreement, and the conciliator noted concerns with Mother's behavior. *See id.* at 3.

The trial court conducted a hearing on Father's petitions for contempt and emergency special relief on July 1, 2022. The court subsequently entered an order, which, in part, granted Father "temporary sole legal and physical custody with no visitation with Mother whatsoever." Order, 7/8/22, at ¶ 1. Further, the trial court ordered Mother to undergo a risk of harm evaluation pursuant to 23 Pa.C.S.A. § 5329 (Consideration of criminal conviction). *See id.* at ¶ 2. Finally, while the court found Mother to be in contempt of several orders, it declined to impose any sanctions, but provided Father an opportunity to seek attorneys' fees through a future petition. *See id.* at ¶ 5. The trial court scheduled a status hearing for September 6, 2022. *See id.* at p. 3.

On July 19, 2022, Mother filed a motion for reconsideration, which the trial court denied. Mother filed a timely notice of appeal.

We first address the appealability of the trial court's July 1, 2022 order, as appealability implicates this Court's jurisdiction. *See Interest of J.M.*, 219

A.3d 645, 650 (Pa. Super. 2019). "[A]n appeal properly lies only from a final order unless otherwise permitted by rule or statute." **G.B. v. M.M.B.**, 670 A.2d 714, 717 (Pa. Super. 1996) (*en banc*) (citations omitted). Most commonly, a final order is one that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).

Recognizing that custody proceedings involve a distinct set of policy concerns, this Court has explained that "a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." **G.B.**, 670 A.2d at 720.

Here, the trial court had neither completed a hearing on the merits nor intended the order to constitute a complete resolution of the custody claims. The pertinent hearing dealt with Father's petitions for contempt and for emergency special relief based on Mother's actions. The order itself specifically grants Father "temporary sole legal and physical custody." Order, 7/8/22, ¶ 1. The trial court noted its concerns about Mother's mental health and explained it did not intend "to permanently deprive Mother of Child, but to facilitate a wholesome, social, emotional environment where both parents can co-parent." **Id.** at ¶ 7. While the court did find Mother to be in contempt, **see id.** at ¶ 5, that finding is not appealable until the court imposes sanctions pursuant to the contempt. **See Foulk v. Foulk**, 789 A.2d 254, 258 (Pa. Super.

2001) (*en banc*) ("[F]or a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and that no further court order be required before the sanctions take effect."). Moreover, the trial court scheduled an additional status hearing, to take place two months later, to allow time for Mother to proceed with the risk of harm assessment and any necessary therapy. **See** Order, 7/8/22, at pp. 1-3**.**

Therefore, it is clear that the order granting Father temporary sole physical and legal custody, addressing the contempt allegations, and directing further action by Mother is not final and appealable. **See G.B.**, 670 A.2d at 720 (custody order was not final and appealable where it was intended to direct the parties' custody arrangement while the court assessed the ultimate issues and the court had scheduled further review). We quash Mother's appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/14/2023