J-A02001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANA STERLING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW ROBINHOLT | : | No. 1052 MDA 2023 |

Appeal from the Order Entered June 26, 2023
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2018-11720

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: APRIL 2, 2024**

Appellant Shana Sterling (Mother) appeals from the order denying her petition for contempt of a prior custody order relating to J.R. (Child) and granting Appellee Andrew Robinholt's (Father) emergency petition for special relief. After careful review, we are constrained to quash Mother's appeal.

The underlying facts of this case are well known to both parties. *See* Trial Ct. Op., 8/17/23, at 1-4. Briefly, the trial court entered an order on May 3, 2021 providing for shared physical custody of Child. On June 12, 2023, Father filed an emergency petition for special relief "alleging that Mother screamed at and abused her dog in the vicinity of [] Child on more than one occasion, the last of which involved [] Child recording the incident." *Id.* at 2 (some formatting altered).

The trial court held an evidentiary hearing on June 16, 2023, during which both parties testified. Child also testified *in camera*. On June 26, 2023,

the trial court entered an interim order denying Mother's petition for contempt and granting Father's emergency petition for special relief. The trial court's order awarded Father sole physical custody of Child "until further order of court." Trial Ct. Order, 6/26/23, at 1. The trial court's order also noted that the "**order shall remain in effect in order to give the parties an opportunity to file a petition for modification**." *Id.* at 2 (formatting altered and emphasis added).

Mother filed a timely notice of appeal. Both Mother and the trial court complied with Pa.R.A.P. 1925. On August 15, 2023, this Court entered an order directing Mother to show cause as to the finality and appealability of the order from which the instant appeal is taken. Mother filed a timely response. This Court entered an order discharging the rule to show cause, deferring a decision on the propriety of the appeal to the merits panel.

Mother raises the following issues for our review:

1. Did the trial court abuse its discretion or commit an error of law in its June 26, 2023 order in that it removes [Mother's] shared 50/50 physical custody of [] Child and instead awards, grants and orders the switching of the so [sic] primary custody of [] Child solely to [] Father?

2. Did the trial court abuse its discretion or commit an error of law, based on the testimony of record below, in failing to follow the mandates and factors set forth in 23 Pa.C.S. § 5328?

3. Were the trial court's conclusions unreasonable as shown by the evidence of record?

4. Did the trial court abuse its discretion or commit an error of law by failing to enter a custody order that is in the best interest of [] Child?

Mother's Brief at 3.

Initially, we must determine whether the instant appeal is properly before this Court. In her brief, Mother acknowledges that the trial court's June 26, 2023 order was not a final order and instead "maintains that the order was properly appealable to [this] Court as an interlocutory appeal because the rights involved are too important to be denied review." Mother's Brief at 8-9.[1]

Rule 313 permits an appeal "as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a). Rule 313 defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). With regard to appeals from collateral orders, this Court has held:

> The "collateral order doctrine" exists as an exception to the finality rule and permits immediate appeal as of right from an otherwise interlocutory order where an appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *See* Pa.R.A.P. 313.
>
> Our Supreme Court has directed that Rule 313 be interpreted narrowly so as not to swallow the general rule that only final

---

[1] While Mother refers to the order at issue as an interlocutory order, her reasoning mirrors the language of Rule 313 of the Pennsylvania Rules of Appellate Procedure, which governs the appealability of collateral orders.

orders are appealable as of right. To invoke the collateral order doctrine, each of the three prongs identified in the rule's definition must be clearly satisfied.

*In re L.B.*, 229 A.3d 971, 975 (Pa. Super. 2020) (some citations omitted).

"With regard to the first prong of the collateral order doctrine, an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." *K.C. v. L.A.*, 128 A.3d 774, 779 (Pa. 2015) (internal citation and quotation marks omitted). Regarding the second prong, "a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *Id.* at 779. "[I]t is not sufficient that the issue under review is important to a particular party; it 'must involve rights deeply rooted in public policy going beyond the particular litigation at hand.'" [*Stahl v. Redcay*, 897 A.2d 478, 485 (Pa. Super. 2006)]. Concerning the third prong, whether a party's claims will be "irreparably lost" if review is postponed turns on the particular facts and circumstances of each case. *See K.C.*, *supra*; [*G.B. v. M.M.B.*, 670 A.2d 714, 715, 721 (Pa. Super. 1996) (*en banc*)].

*Z.P. v. K.P.*, 269 A.3d 578, 587 (Pa. Super. 2022).

We find this Court's decision in *Damiani v. Schmidt*, 979 EDA 2022, 2022 WL 6914686 (Pa. Super. filed Oct. 12, 2022) (unpublished mem.),[2] to be instructive. In *Damiani*, the trial court entered a final order setting forth the terms of the parties' custody schedule in 2016. *Id.*, 2022 WL 6914686 at *1. In 2022, the appellant filed an emergency special petition, alleging that the appellee had engaged in inappropriate behavior with the parties' children. *Id.* Following a hearing, the trial court denied the appellant's petition for

_____

[2] We may cite to an unpublished memorandum filed after May 1, 2019 for its persuasive value. Pa.R.A.P. 126(b).

- 4 -

special relief and stated that the 2016 custody order was to remain in effect. *Id.* at *2.

On appeal, this Court held that the order denying the appellant's emergency special petition was not a final order. *Id.* Specifically, the Court noted that:

> The order was entered solely to address the issues framed by [the appellant's] emergency petition, which are interim issues in the parties' ongoing custody proceedings. While the trial court did hold hearings on the emergency petition, the orders entered after those hearings merely resolved the emergency petition and otherwise kept the current custody order in place.
>
> As the trial court mentioned numerous times throughout the hearings on the emergency petition, the February and March 2022 hearings were solely on the narrow issue of whether or not an emergency existed. The trial court also made clear that the case still awaits a custody hearing and that information can be presented at a future hearing. . . . It is clear [that] the trial court did not intend for the orders at issue to be its final word on custody. Rather, those orders were the trial court's emergency response required to protect the health, safety, and welfare of the children.

*Id.* (citations omitted).

In the instant case, Mother appealed from the order granting Father's emergency petition, which the trial court has labeled an "interim order." The order set forth the following relevant provisions:

> The special relief ordered on June 12, 2023 shall continue and Father shall have sole physical custody of [] Child under further order of court.
>
> Mother shall have contact with [] Child as may be agreed upon by the parties.

> This order shall remain in effect in order to give the parties an opportunity to file a petition for modification.

Trial Ct. Order, 6/26/23, at 1-2 (unpaginated) (formatting altered).

As in ***Damiani***, the trial court's order addressed only the issues raised in Father's emergency petition for special relief and awarded Father sole physical custody of Child "until further order of court." ***See id.*** It is clear from the record that the trial court did not intend for the order at issue to be its "final word" on custody, as it was labeled as an "interim order" and also provided the parties with the opportunity to file a petition for modification. ***See Z.P.***, 269 A.3d at 587; ***L.B.***, 229 A.3d at 975; ***Damiani***, 2022 WL 6914686 at *2. Therefore, for these reasons, we conclude that because the June 26, 2023 order only addressed interim issues present in the parties' ongoing custody litigation, it is neither a final order nor a collateral order pursuant to Pa.R.A.P. 313. ***See Z.P.***, 269 A.3d at 587; ***Damiani***, 2022 WL 6914686 at *2. Accordingly, on this record, we are constrained to quash Mother's appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/02/2024