J-A09023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.G. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| A.Q. | |
| Appellant | No. 1728 MDA 2015 |

Appeal from the Order Entered September 8, 2015
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2010-3887

BEFORE:  FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                      **FILED MAY 10, 2016**

A.Q. ("Mother") appeals from an order denying her request to relocate with the parties' eleven-year old daughter ("Daughter") from Centre County to Palmerton, Pennsylvania, 2½ hours from Centre County.  We affirm.

Mother and D.G. ("Father") are Daughter's natural parents.  Daughter was born in 2004 during the parties' marriage.  In 2010, Mother and Father separated, and they later divorced.  Mother and Father presently live ten minutes apart in Centre County.  Mother has primary physical custody of Daughter, and Father has physical custody every other weekend and every Wednesday evening.

In early 2015, Mother filed a petition to relocate with Daughter to Palmerton, about 2½ hours away from Father's residence.  Father also filed

---

[*] Retired Senior Judge assigned to the Superior Court.

a petition for modification of custody. On September 8, 2015, following evidentiary hearings, the trial court denied Mother's petition. On October 5, 2015 Mother filed a notice of appeal together with a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

On October 6, 2015, the court denied Father's petition for modification of custody.[1] Father did not appeal this order.

On November 10, 2015, thirty-six days after Mother's appeal, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Mother raises two issues in this children's fast track appeal:

1. Based upon the evidence and testimony at [the] hearing, and the factors which must be considered in [23] Pa.C.S. [§] 5337(h), did the trial court abuse its discretion by failing [to] properly consider the law and eight statutory factors regarding relocation?

2. Based upon the evidence and testimony at [the] hearing, did the trial court abuse its discretion when it concluded that a relocation was not in the minor child's best interest?

---

[1] Arguably, Mother's appeal was premature because she filed it before the trial court decided Father's petition for modification of custody. *See G.B. v. M.M.B.*, 670 A.2d 714, 720 & n.11 (Pa.Super.1996) (child custody order will be considered "final order" and appealable only if it is entered after court has completed its hearings on merits and is intended by court to constitute complete resolution of custody claims pending between parties; by requiring a complete resolution of pending claims, we refer to "a resolution of the core substantive issues underlying the parties' custody dispute"). Assuming that Mother's appeal was premature, the order denying Father's petition perfected her appeal. *See* Pa.R.A.P. 905(a)(5) ("a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

- 2 -

Brief For Appellant, at 4. Both questions concern essentially the same subject, so we review them together.

We review decisions on petitions to relocate for abuse of discretion. *E.D. v. M.P.*, 33 A.3d 73, 76 (Pa.Super.2011). In determining whether to grant a proposed relocation, the court must consider each of the ten factors listed in 23 Pa.C.S. § 5337(h), "giving weighted consideration to those factors which affect the safety of the child." *Id*. We hold that the trial court carefully considered each section 5337(h) factor, and that its decision to deny Mother's petition was a proper exercise of its discretion.

We review the court's analysis of each section 5337(h) factor below:

1. Section 5337(h)(1) requires examination of "the nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life." The trial court made the following findings. Both Mother and Father are very involved with Daughter's life. Mother and Father married in 2002. Daughter was born in 2004. Mother and Father separated in 2010. Mother has primary physical custody of Daughter, and Father has physical custody every other weekend and every Wednesday evening. Mother and Father live about ten minutes apart in Centre County. Father is remarried to Hope Goncalves, who testified that she has a good relationship with Daughter, and that they do various activities together. Goncalves is not currently working due to migraine

- 3 -

headaches. Mother is engaged to Paula Hahn, who lives in Palmerton, Pennsylvania, about 2½ hours away from Father's residence, and who cannot leave Palmerton due to a family-owned business, a personal care facility. Hahn testified that she has a good relationship with Daughter, and that they do various activities together. Father's parents live nearby in Centre County, are involved in Daughter's life and want to remain involved. Mother's sister lives in Harrisburg and visits Daughter and Mother 10-12 times every year.

Mother claims that the trial court merely made "generalizations" about each party's relationship with Daughter, and she argues that her "constant presence" with Daughter and role as primary caregiver entitles her to extra consideration. Mother also insists that the court may have "forgotten" facts[2] because it issued its Pa.R.A.P. 1925 opinion more than 30 days after Mother's notice of appeal.

The record supports the trial court's findings. We are not convinced by Mother's accusation that the trial court forgot certain facts, because Mother fails to demonstrate how these details would have affected the trial court's analysis.

---

[2] These facts are: (1) Father's son from a prior marriage, Alex, only sees Daughter 1-2 times each month, and (2) Daughter's paternal grandmother only sees Daughter twice monthly.

Mother complained vigorously in her brief and at oral argument that the trial court's analysis was flawed because the court filed its opinion six days after expiration of the thirty-day period prescribed under Pa.R.A.P. 1925(a)(2)(ii). *See id*. (in children's fast track appeal, "upon receipt of the notice of appeal and the concise statement of errors complained of on appeal … the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within 30 days file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, which may, but need not, refer to the transcript of the proceedings"). This minor departure from the Rules does not entitle Mother to relief. The Rules of Appellate Procedure provide:

> **(a) Liberal construction and modification of rules.** These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, *disregard the requirements or provisions of any of these rules in a particular case* on application of a party *or on its own motion* and may order proceedings in accordance with its direction.

> **(b) Enlargement of time.** An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, *or may permit an act to be done after the expiration of such time*, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

Pa.R.A.P. 105 (emphasis added). Mother cannot demonstrate any prejudice from the trial court's filing of its opinion six days after the Rule

- 5 -

1925(a)(2)(ii) deadline. And because the trial court has a crowded docket (as do most, if not all, courts in this Commonwealth), good cause exists for filing the opinion six days late. Pursuant to Pa.R.A.P. 105, we will disregard the court's noncompliance with Rule 1925(a)(2)(ii).

2. Section 5337(h)(2) requires examination of "the age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child." The court found that Daughter is very bright, does well in school, has friends and interests (music). She is generally healthy and has no special needs, but her school attendance is not impressive due to thirty absences, late arrivals and early dismissals. Although she is in private school (Friends School), Mother and Father cannot afford the tuition. Father claims Mother has irrational obsessions about Daughter which causes the absences and demands medical treatment for Daughter's minor issues (perceived insect infestation of skin). The court was "concerned" about Mother's hyper-attentiveness to medical issues. Mother wants Daughter to attend Quaker school in Palmerton which would cost $15,000.00, although financial aid may be available.

The record supports the trial court's findings. Mother argues that the court merely made generalized statements about Daughter's education, overemphasized State College's "great academic presence", and ignored Daughter's ability to adapt to a new educational environment in Palmerton.

Mother insists that the court failed to discuss the "likely impact" relocation would have on Daughter and attributes this omission to the fact that the court filed its opinion more than thirty days after the notice of appeal. In effect, Mother asks this Court to substitute her judgment in place of the trial court's judgment. We decline the invitation; the trial court was in the best position to assess the evidence and the witnesses, and since the record supports its findings, we will not disturb them.[3]

3. Section 5337(h)(3) requires analysis of "The feasibility of preserving the relationship between the non-relocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties." The court wrote that relocation would make it "infeasible" to preserve Daughter's relationship with Father, her paternal grandparents and Alex, because frequent trips would strain the parties' financial circumstances. Mother complains that the court ignored her proposal for Father to have a majority of holiday and summer time with Daughter. Again, the record supports the trial court's findings.

4. Section 5337(h)(4) requires analysis of "the child's preference, taking into consideration the age and maturity of the child." Daughter testified that she wants to move to Palmerton and attend Quaker school. The court found her mature for her age and stated it considered her

---

[3] As for Mother's complaint that the Pa.R.A.P. 1925 opinion was tardy, we reject this argument for the reasons given on pages 5-6 above.

preferences along with the other factors. Mother does not object to the court's treatment of this criterion.

5. Section 5337(h)(5) requires analysis of "whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party." The court wrote that neither party is attempting to thwart the other party's relationship with Daughter, although the parties disagree about Daughter's health issues.[4] Mother argues that the court did not consider this issue carefully because "so many months have gone by since the trial." We conclude that the record supports the court's findings.

6. Section 5337(h)(6) requires analysis of "whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity." Mother claims that moving to Palmerton will save money in school tuition and other bills and will provide her with employment opportunities. Father also noted that Mother had two other relationships since their divorce and lived in a different house each year.

The court found that Mother's motivation is to be with Paula Hahn. We conclude that the record supports the court's findings.

_____

[4] Father testified that Mother is overly protective. Mother testified that she is afraid to seek treatment for Daughter because Father will think she is overreacting.

7. Section 5337(h)(7) requires analysis of "whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity." The court found that relocation would not enhance Daughter's quality of life, because she would have to attend a new school with a longer commute (over forty minutes daily) and without other relatives or friends nearby. Mother claims that this arrangement will save money and benefit Daughter by giving her a Quaker education. The record supports the court's findings.

8. Section 5337(h)(8) requires analysis of "the reasons and motivation of each party for seeking or opposing the relocation." The court determined that Mother's motivation is to be with Paula Hahn, and that Father opposed relocation because Daughter would be 2½ hours away. The record supports the court's findings.

9. Section 5337(h)(9) requires analysis of "the present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party." The court determined that there was no evidence of abuse. The record supports the court's findings.

10. Section 5337(h)(10) requires analysis of "any other factor affecting the best interest of the child." The court did not mention any other factor. Nor does the record indicate the existence of any other factor.

Following its review of all section 5337(h) factors, the court concluded:

> After hearing the evidence summarized above, this Court concluded that relocation is not in [Daughter]'s best interest. Mother will be reliant on Ms. Hahn for her home and employment. The relationship is relatively new, they are not yet married, and should it not work out, Mother has few resources in Palmerton. Mother admitted she has no back-up plan if the relationship with Ms. Hahn does not work out but does not feel she needs one. Father has a stable home and employment in State College. There has already been some recent instability in [Daughter]'s life in switching schools and homes. She attended State College Friends School, switched to the Delta Program, returned to State College Friends School, and is now at Centre Learning Community Charter School. This Court feels that given the propensity of missing school, it is in the best interest of [Daughter] that she live near her Father to allow him to have active input into her medical care and school attendance. Mother has also lived in several houses in State College and moves with frequency. This Court is concerned about the transition in moving to a new area, with a new family, and attending a new school along with all of the other major changes that accompany relocation. It was also very important to this Court that [Daughter] has a network of family and friends in State College, if the relocation were permitted; this Court does not feel these relationships could be adequately maintained given the distance to Palmerton. This Court recognizes that Mother seeks to further her relationship with Ms. Hahn and recognizes that the home and farm in Palmerton would be an idyllic, pastoral environment. However, preserving [Daughter]'s relationships in State College and active involvement of Father into her school and medical issues are of primary importance to [Daughter's] best interest.

Pa.R.A.P. 1925 Opinion, at 8-9. This passage reflects the trial court's careful consideration of all relevant factors in its decision to deny Mother's motion for relocation. Based on the court's persuasive reasoning, we conclude that it properly exercised its discretion in denying Mother's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2016