J-A14015-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| J.K. AND J.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.D. | : | |
| | : | |
| Appellant | : | No. 99 WDA 2019 |

Appeal from the Order Entered December 19, 2018
In the Court of Common Pleas of Butler County
Civil Division at No(s): FC07-90783-C-2

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: FILED AUGUST 19, 2019

J.D. ("Father") appeals from the order entered December 19, 2018, in the Court of Common Pleas of Butler County, which granted his motion for reconsideration, but denied his requested relief, by directing that the maternal grandmother and step-grandfather, J.K. and J.K. ("Grandparents"), retain standing to pursue partial physical custody of his son, X.D. ("Child"), born in January 2007.[1] After careful review, we affirm.

_____

[1] This order is final and appealable because the trial court entered it after completing its hearings on the merits, and because it completely resolved the parties' pending custody claims. See G.B. v. M.M.B., 670 A.2d 714, 720 (Pa. Super. 1996).

The instant dispute began on May 20, 2011, when Grandparents filed a complaint seeking partial physical custody of Child.[2]  Grandparents asserted that they had standing to pursue custody of Child based on 23 Pa.C.S. § 5312. Prior to its repeal,[3] Section 5312 provided standing to grandparents to pursue "reasonable partial custody or visitation rights"[4] when the subject grandchild's parents "have been separated for six months or more[.]"  23 Pa.C.S. § 5312 (repealed).  While the details are not clear from the record, it is undisputed that Child was born out of wedlock and that Father and K.K. were separated prior to the filing of the complaint.

The parties attended a conference before a conciliator on June 10, 2011. The conciliator issued a report, which the trial court adopted as an interim

_____

[2] The trial court docket indicates that Father and Child's biological mother, K.K., commenced a custody proceeding in 2007.  The documents pertaining to that proceeding do not appear in the certified record.

[3] Notably, our General Assembly repealed Section 5312 effective January 24, 2011, well before Grandparents filed their complaint.  It replaced Section 5312 with a similar provision found at 23 Pa.C.S. § 5325(2).  Our Supreme Court later struck down that provision as unconstitutional in D.P. v. G.J.P., 146 A.3d 204 (Pa. 2016).  The General Assembly has since amended Section 5325, effective July 3, 2018, and a comparable provision no longer exists.

[4] The predecessor to our current child custody statute treated "custody" and "visitation" as distinct awards.  See 23 Pa.C.S. § 5302 (defining "visitation" as "The right to visit a child.  The term does not include the right to remove a child from the custodial parent's control.").  Our current statute eliminates this distinction.  See 23 Pa.C.S. § 5322(b) ("In a statutory provision other than in this chapter, when the term 'visitation' is used in reference to child custody, the term may be construed to mean: (1) partial physical custody; (2) shared physical custody; or (3) supervised physical custody.").

order on June 16, 2011. Relevant to this appeal, both the report and the interim order included provisions indicating that Father preserved a challenge to Grandparents' standing. See, e.g., Order, 6/16/11, at 1 (unnumbered pages) ("It is further ordered that the Father's right to challenge Maternal Grandparent[s'] standing in this case is hereby preserved.").

Ultimately, the parties reached a custody agreement, which the trial court entered as an order on September 15, 2011. The order awarded primary physical custody of Child to Father and awarded partial physical custody to Grandparents every other Monday from 4:30 p.m. until 8:30 p.m. and on the fourth Saturday of each month from 10:00 a.m. until 6:00 p.m. The order also awarded Grandparents one extended weekend of custody during the summer from Thursday at 6:00 p.m. until Monday at 6:00 p.m. The order made no mention of legal custody.

No further activity occurred in this matter until Father filed a pleading entitled "Motion to Vacate and Dismiss" on September 12, 2018. Therein, Father averred that K.K.'s parental rights had been terminated and that his wife, A.D., adopted Child.[5] Father also averred that Grandparents no longer

---

[5] It is important to note that our child custody statute includes the following provision regarding stepparent adoptions:

> Any rights to seek physical custody or legal custody rights and any custody rights that have been granted under section 5324 (relating to standing for any form of physical custody or legal custody) or 5325 (relating to standing for partial physical custody

J-A14015-19

possessed standing to pursue custody of Child due to the recent amendments to the Pennsylvania child custody statute at 23 Pa.C.S. § 5325. In the alternative, Father contended that allowing Grandparents to maintain partial physical custody of Child would violate his constitutional rights as a parent, as set forth by our Supreme Court in D.P., supra.

The trial court heard argument on October 31, 2018. Subsequently, on November 21, 2018, the trial court entered an order denying Father's motion, on the basis that "severing a relationship established for years between [Grandparents] and minor child is not in the child's best interests." Order, 11/21/18.

On December 17, 2018, Father presented the trial court with a motion for reconsideration.[6] Therein, Father contended that the court improperly reached its decision as to Child's best interest after conducting argument and without taking any evidence. Father also requested that the court reconsider its denial of his constitutional and statutory arguments.

_____

and supervised physical custody) to a grandparent or great-grandparent prior to the adoption of the child by an individual other than a stepparent, grandparent or great-grandparent shall be automatically terminated upon such adoption.

23 Pa.C.S. § 5326 (emphasis added).

[6] Father presented the motion for reconsideration in person at motions court. He did not file the motion until December 20, 2018.

- 4 -

On December 19, 2018, the trial court entered an order granting Father's motion for reconsideration for the purpose of clarifying its decision to deny the motion to vacate and dismiss. Specifically, the court concluded that the 2018 amendments to the child custody statute "do not have retroactive effect" on the 2011 order granting custody to Grandparents. Order, 12/19/18. The court further concluded that the 2011 order did not affect Father's constitutional rights and that Father waived any challenge to Grandparents' standing by failing to raise the issue in 2011.[7] Father timely filed a notice of appeal on January 17, 2019, along with a concise statement of errors complained of on appeal.

Father now raises the following claims for our review:

1. Whether the trial court committed an error of law by failing to find that Father's state and federal constitutional rights to due

_____

[7] The trial court issued an opinion on February 21, 2019, in which it reached the same conclusions. The court stated as follows:

Contrary to his argument, [Father] did not preserve his challenge to [Grandparents'] standing in the [September 15, 2011] order of court. Nor has he, since the issuance of said order, raised any objection to [Grandparents'] standing. Therefore, as [Father] failed to raise this issue below, it is waived for appellate consideration.

Furthermore, the court does not find that the amendments, which became effective on July 3, 2018, are to be applied retroactively. Therefore, as the issues raised by [Father] in this appeal are of no merit, the court respectfully requests that the Order of Court of December 1[9], 2018 be affirmed.

Trial Court Opinion, 2/21/19, at 2.

process and equal protection were violated by [Grandparents'] continued exercise of custody[?]

2. Whether the trial court committed an error of law by failing to find that the 2018 amendments to 23 Pa.C.S. §§ 5324 and 5325 do not deprive [Grandparents] of standing to continue to exercise custodial rights prospectively[?]

3. Whether the trial court committed an error of law by failing to find that a custody litigant must maintain standing throughout the exercise of their custodial rights, elsewise the state's interest in exercising [its] parens patriae authority is insufficient to overcome the constitutional rights of the child's parents[?]

4. Whether the trial court committed an error of law by finding that Father had waived these claims (1) because Father expressly preserved the right to challenge [Grandparents'] standing in this case, and such preservation was expressly ordered by the trial court in the first substantive custody order entered with respect to [G]randparents by order dated June 15, 2011, and (2) because custody litigants must maintain standing throughout their exercise of custody, a challenge to that standing is always amenable to review if the loss of standing renders the state's intrusion into a family unit unconstitutional[?]

5. Whether the trial court abused its discretion in its November 20, 2018, order by making a factual determination as to the best interests of the child without hearing any evidence and, therefore, failing to consider the factors of 23 Pa.C.S. § 5328, as the argument on October 31, 2018, was merely an argument on the legal issues raised by Father's Motion to Vacate and Dismiss[?]

Father's Brief 2-3 (footnotes and suggested answers omitted).

Father's challenge to Grandparents' standing is a question of law. S.G. v. J.M.G., 186 A.3d 995, 997 (Pa. Super. 2018), appeal denied, 197 A.3d 1177 (Pa. 2018). Therefore, our standard of review is de novo and our scope of review is plenary. Id.

In his issues on appeal combined, Father argues that the trial court erred by concluding that he waived his challenge to Grandparents' standing, and by concluding that the 2018 amendments to the child custody statute did not deprive Grandparents of standing. Father's brief at 11-17. He also contends that Grandparents' exercise of custody violates his constitutional rights, as established in D.P., supra. Id. at 8-11. In the alternative, Father contends that the court erred by making a finding as to Child's best interests without conducting an evidentiary hearing and considering the best interest factors found at 23 Pa.C.S. § 5328(a). Id. at 17-18.

We conclude that the trial court did not abuse its discretion or commit an error of law by denying Father's motion to vacate and dismiss. However, we do so for reasons other than those advanced by the trial court. See In re A.J.R.-H., 188 A.3d 1157, 1175-76 (Pa. 2018) ("The 'right for any reason' doctrine allows an appellate court to affirm the trial court's decision on any basis that is supported by the record.").

As noted above, at the time the trial court entered the September 15, 2011 custody order, Section 5325(2) provided grandparents with standing to seek partial or supervised physical custody of their grandchildren "where the parents of the child have been separated for a period of at least six months[.]" 23 Pa.C.S. § 5325(2) (prior to amendment). However, our Supreme Court struck down the portion of Section 5325(2) providing grandparents with standing in the event of parental separation in D.P., supra. The Court held

that the provision "cannot survive strict scrutiny and, as such, it violates the fundamental rights of parents safeguarded by the Due Process Clause" of the federal Constitution. D.P., supra, 146 A.3d at 216 (footnote omitted).

Following D.P., our General Assembly passed amendments to Section 5325, which eliminated the offending provision. The current version of Section 5325, which took effect on July 3, 2018, provides as follows:

> In addition to situations set forth in section 5324 (relating to standing for any form of physical custody or legal custody), grandparents and great-grandparents may file an action under this chapter for partial physical custody or supervised physical custody in the following situations:
>
>> (1) where the parent of the child is deceased, a parent or grandparent of the deceased parent may file an action under this section;
>>
>> (2) where the relationship with the child began either with the consent of a parent of the child or under a court order and where the parents of the child:
>>
>>> (i) have commenced a proceeding for custody; and
>>>
>>> (ii) do not agree as to whether the grandparents or great-grandparents should have custody under this section; or
>>
>> (3) when the child has, for a period of at least 12 consecutive months, resided with the grandparent or great-grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, an action must be filed within six months after the removal of the child from the home.

23 Pa.C.S. § 5325.

Critical to our resolution of this appeal, our Rules of Civil Procedure direct that a party to a custody proceeding "must raise any question of jurisdiction of the person or venue, and may raise any question of standing, by preliminary objection filed within twenty days of service of the pleading to which objection is made or at the time of hearing, whichever first occurs." Pa.R.C.P. 1915.5(a). Our case law clarifies that a trial court may reevaluate standing past the twenty-day deadline for the filing of preliminary objections. M.G. v. L.D., 155 A.3d 1083, 1087 n.5 (Pa. Super. 2017), appeal denied, 169 A.3d 522 (Pa. 2017); M.W. v. S.T., 196 A.3d 1065 (Pa. Super. 2018), appeal denied, 199 A.3d 336 (Pa. 2018). Generally, in order to do so, a party must demonstrate the existence of a factual change in circumstances, such as "the termination of parental rights or adoption[.]"[8] M.G., 155 A.3d at 1087 n.5.

Nonetheless, even assuming that a factual change of circumstances exists in a particular case, the correct procedural vehicle to challenge standing is a petition for modification of custody. Section 5338(a) of our child custody statue provides that, "[u]pon petition, a court may modify a custody order to serve the best interest of the child." 23 Pa.C.S. § 5338(a). Neither the rules

_____

[8] The panels in M.G. and M.W. reached seemingly inconsistent conclusions regarding whether a party may raise standing at any time. Compare M.G., 155 A.3d at 1087 n.5 ("While standing in custody cases may be fluid under some circumstances, it certainly cannot be asserted at any time."), with M.W., 196 A.3d at 1071 ("[O]ur rules permit parties to raise issues related to standing beyond the 20-day period. . . . [I]t would not make sense to permit a party to raise standing at any time, but then consider the factual circumstances as they existed at the time the complaint was filed[.]").

nor the statute permit a party to file a motion requesting that a trial court vacate or dismiss an existing custody order. See M.W., 196 A.3d at 1067-69 (addressing a request for dismissal filed prior to the entry of a final order); D.P., 146 A.3d at 205-07 (same). Accordingly, because Father attempted to challenge Grandparents' standing by claiming the amended section 5325 should be applied retroactively to an order entered seven years earlier, it was proper for the trial court to deny Father's requested relief.

Based on the foregoing, we affirm the trial court's December 19, 2018 order granting Father's motion for reconsideration, and denying his request to vacate and dismiss the existing custody order. If Father intends to challenge the September 15, 2011 custody order, he may do so by filing a petition for modification requesting sole custody.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2019

_____

[9] If the trial court concludes that a factual change of circumstances has occurred, the court should provide Grandparents with the opportunity to prove that they retain standing pursuant to any applicable section of our child custody statute before granting or denying Father's petition.