J-A05038-21

2021 PA Super 38

| K.B. | : | IN THE SUPERIOR COURT OF |
|------|---|---|
|  | : | PENNSYLVANIA |
| v. | : |  |
|  | : |  |
| M.F. | : |  |
|  | : |  |
| Appellant | : |  |
|  | : |  |
|  | : | No. 1799 EDA 2020 |

Appeal from the Order Entered September 15, 2020
In the Court of Common Pleas of Pike County Civil Division at No(s):
No. 847-2019

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    Filed: March 11, 2021

M.F. ("Mother") appeals the order entered by the Court of Common Pleas of Pike County adopting the hearing officer's report and recommendation that K.B. ("Grandmother") be granted visitation rights to her minor twin grandchildren.  After careful review, we vacate and remand.

On July 8, 2019, Grandmother filed a complaint for visitation rights to her two minor twin grandchildren, A.B. and H.B. (collectively, "the Children"), who were twelve years old at that time.  The Children were born to Mother and P.B. ("Father"), Grandmother's son, who passed away in August 2011.  Grandmother, who lives in Staten Island, New York, was eighty-seven years old when she filed her complaint in 2019.  The Children live with Mother in Dingmans Ferry, Pennsylvania.

---

* Former Justice specially assigned to the Superior Court.

On September 10, 2019, the trial court entered an order finding that Grandmother had standing under 23 Pa.C.S.A. § 5325(1) to seek visitation or partial physical custody of the Children.[1] Thereafter, the trial court directed the parties to appear at a custody conference before a hearing officer on November 1, 2019.

Near the conclusion of the hearing, Mother requested that the case be held open to allow the Children to testify *in camera*. Mother's counsel asserted that the hearing officer was required by 23 Pa.C.S.A. § 5328 to consider the "well-reasoned preferences" of the Children, who were nearly thirteen years old at that time. Notes of Testimony (N.T.), 11/1/19, at 102. The hearing officer denied Mother's request.

On March 24, 2020, the hearing officer filed a report and recommendation that Grandmother be granted a two-hour visitation period once a month in a mutually convenient location in Pennsylvania. In reaching this decision, the hearing officer indicated that she considered "the elements

---

[1] "Generally, the Child Custody Act does not permit third parties to seek custody of a child contrary to the wishes of that child's parents. The Act provides several exceptions to this rule, which apply primarily to grandparents and great-grandparents." **M.S. v. J.D.**, 215 A.3d 595, 598–99 (Pa.Super. 2019).

Section 5325(1) provides that grandparents have standing to seek partial physical custody or supervised physical custody of their grandchildren in various situations, including cases in which the parent of a child is deceased. 23 Pa.C.S.A. § 5325(1). Section 5324 outlines standing principles for seeking any form of physical custody or legal custody. 23 Pa.C.S.A. § 5324.

of 23 Pa.C.S.A. § 5303," all of the "factors," and the best interest of the Children.[2]  Report and Recommendation, 3/24/20, at 3.

On May 1, 2020, Mother filed exceptions to the hearing officer's report and recommendation, asserting that the "Hearing Officer erred or abused her discretion by failing to take into consideration the well-reasoned preferences of the subject minor children as set forth in 23 Pa.C.S.A. § 5303."  Mother's Exceptions, 5/1/20, at 1.

On August 27, 2020, the trial court entered an order denying Mother's exceptions to the hearing officer's report and recommendation.  After noting that neither child testified at the custody hearing, the trial court concluded that the hearing officer reviewed "all factors which may affect the well-being and best interests of the children in this specific case based on what was presented."  Order, 8/27/20, at 1.

On September 15, 2020, the trial court entered an order adopting the report and recommendation of the hearing officer.  The trial court's order also stated that it "hereby corrects the Hearing Officer's citation to 23 Pa.C.S.A. § 5303 to the proper citation of 23 Pa.C.S.A. § 5328."  Order, 9/15/20, at 1.

_____

[2] We note that 23 Pa.C.S.A. § 5303 has been repealed.  Section 5303 was part of the prior version of Chapter 53 that was enacted in 1985 and codified at Sections 5301 through 5313.  *See* 23 Pa.C.S.A. § 5303 (repealed).  The prior version of Chapter 53 was replaced in 2010 with the current version of the Custody Act found at 23 Pa.C.S.A. § 5321, *et seq*.  *See* Act of Nov. 23, 2010, P.L. 1106, No. 112, Section 2 (as amended 23 Pa.C.S.A. §§ 5321-5340).

J-A05038-21

On September 23, 2020, Mother filed a notice of appeal along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[3] On appeal, Mother raises the following issues for our review:

1. Whether the trial court erred in its original Order filed of record on August 27, 2020 denying [Mother's] Exceptions to the Hearing Officer's Report and Recommendation in that the Hearing Officer failed to analyze the proper factors under 23 Pa.C.S.A. Section 5328 and the trial court failed to remand the matter back to the Hearing Officer for consideration of these factors.

2. Whether the trial court erred by issuing a sua sponte Order entered of record on September 15, 2020 correcting the Hearing Officer's citation from 23 Pa.C.S.A. [§] 5303 to the proper citation of 23 Pa.C.S.A. [§] 5328 whereby the Hearing Officer's reference to Section 5303 was not merely a typographical error and the Hearing Officer had actually analyzed the matter using an outdated statute.

3. Whether the trial court erred in its original Order filed of record on August 27, 2020 denying [Mother's] Exceptions to the Hearing Officer's Report and Recommendation in that the Hearing Officer failed to consider the well-reasoned preferences of the children in her recommendation and the Court failed to remand the matter back to the Hearing Officer for this consideration.

_____

[3] Mother filed her notice of appeal from the trial court's August 27th order that denied her exceptions to the hearing officer's recommendation as well as the September 15, 2020 order adopting the hearing officer's report and recommendation. As the September 15th order resolved all of the parties' claims after a hearing, we find that this order was final and appealable. *See* Pa.R.A.P. 341(b)(1) (a final order is any order than disposes of all claims and all parties). *See also **G.B. v. M.M.B.**,* 670 A.2d 714 (Pa.Super. 1996) (a custody order is final and appealable after the trial court has concluded its hearings on the matter and the resultant order resolves the pending custody claims between the parties).

- 4 -

4. Whether the trial court erred in its original Order filed of record on August 27, 2020 denying [Mother's] Exceptions to the Hearing Officer's Report and Recommendation in that the Hearing Officer failed to grant Mother's request to hold the matter open to allow the children to be heard, where there was no justification for denying this request as the Hearing Officer had not determined that time was of the essence, and no prejudice would be caused by the delay in scheduling a date and time for the children's testimony.

Mother's Brief at 9 (reordered for ease of review).

Our standard of review is well-established:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

**C.R.F. v. S.E.F.**, 45 A.3d 441, 443 (Pa.Super. 2012) (citation omitted).

In this case, the parties appeared at a custody conference before a hearing officer, and the trial court adopted the report and recommendation of the hearing officer. This Court has discussed a trial court's responsibilities with respect to custody actions that proceed before a hearing officer:

Where … the parties proceed by agreement before a hearing officer on the issues of standing and partial custody for purposes of visitation, the trial court is required to make an independent review of the record to determine whether the hearing officer's findings and recommendations are appropriate. **See generally** Pa.R.C.P. 1915.4-1, 1915.4-2. Although advisory, the hearing officer's report and recommendations are given the fullest

- 5 -

consideration particularly on the issue of credibility of witnesses, which the trial court is not empowered to second-guess. **See generally Neil v. Neil**, 731 A.2d 156 (Pa. Super. 1999) (holding that reviewing court may not second-guess hearing officer's credibility determinations).

**T.B. v. L.R.M.**, 753 A.2d 873, 881-882 (Pa.Super. 2000) (*en banc*).[4]

Specifically, Mother claims the trial court abused its discretion in adopting the hearing officer's report and recommendation which did not assess the sixteen custody factors set forth in Section 5328 of the Custody Act. Mother argues that the hearing officer's citation of the previously repealed version of Chapter 53 shows that the hearing officer did not complete the required analysis of the custody factors in Section 5328. As such, Mother claims the trial court had no justification for correcting the hearing officer's citation, which Mother claims was not a clerical error, but reliance on a repealed statute.

More specifically, Mother argues that both the trial court and hearing officer abused their discretion in failing to consider one of the custody factors in particular: the "well-reasoned preference of the [Children], based on the child's maturity and judgment." Mother's Brief, at 20; 23 Pa.C.S.A. § 5328(a)(7). Mother argues that the hearing officer improperly denied her request to delay resolution of Grandmother's petition until the Children could be present to testify *in camera*. As such, Mother asserts that the trial court

---

[4] Our rules of civil procedure authorize trial courts to adopt alternative procedures for partial custody actions. Pa.R.C.P. 1915.4-1. Pike County Local Rule 1915(F) allows the trial court to appoint a hearing officer to prepare a report and recommendation in partial custody matters.

should have remanded the case for additional proceedings to allow the children to testify as to their wishes with respect to Grandmother's petition.

Our review is guided by the following principles:

> The Child Custody Act provides that grandparents may file an action for partial physical custody or supervised physical custody in certain situations, including where the parent of the child is deceased. 23 Pa.C.S.A. § 5325(1). We have emphasized that the burden is on the grandparents "to demonstrate that partial custody or visitation in their favor is in the child's best interest and will not interfere with the parent-child relationship." **Douglas v. Wright**, 801 A.2d 586, 590-91 (Pa.Super. 2002). The paramount concern in custody cases, "including those in which grandparents are seeking rights, is the best interests of the child." **Id.** at 591. "A determination of the best interests of the child is based on consideration of all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." **L.F.F. v. P.R.F.**, 828 A.2d 1148, 1152 (Pa.Super. 2003).

**D.R.L. v. K.L.C.**, 216 A.3d 276, 279 (Pa.Super. 2019).[5]

The Custody Act requires trial courts to consider all of the sixteen best interest factors set forth in Section 5328 in "ordering *any form of custody*."

---

[5] This Court has concluded that Section 5325(1), which allows grandparents to seek partial physical custody or supervised physical custody of their deceased child's children, does not violate the living parent's due process rights. **J. & S.O. v. C.H.**, 206 A.3d 1171, 1177 (Pa.Super. 2019), *appeal denied*, 216 A.3d 230 (Pa. 2019). While recognizing that a parent has the fundamental right to make decisions regarding the care, custody, and control of their child, this Court found that the statutory provisions contained in Section 5325(1) are necessary to advance a compelling state interest in the protection of the health and emotional welfare of children, including ensuring that the child has an opportunity to have a relationship with the family of the child's deceased parent. **Id**. This Court also found that Section 5325(1) is "narrowly tailored to provide grandparents and great-grandparents standing to file for partial physical custody where the parent of the child is deceased." **Id**. at 1176.

23 Pa.C.S.A. § 5328(a) (emphasis added). Specifically, Section 5328(a) of the Act provides as follows:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Further, in awarding partial physical custody or supervised physical custody to a grandparent who has standing under Section 5325(1), the trial court must consider:

(i) the amount of personal contact between the child and the party prior to the filing of the action;

(ii) whether the award interferes with any parent-child relationship; and

(iii) whether the award is in the best interest of the child.

23 Pa.C.S.A. § 5328(c)(1).

Therefore, this Court has specifically found that "[a]ll of the sixteen 'best interest' factors set forth in Section 5328(a), as well as the three statutory custody factors pertaining to grandparents listed in Section 5328(c)(1), are required to be considered by the trial court when grandparents are seeking custody rights." **D.R.L.**, 216 A.3d at 280.

Further, a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). "The record must be clear on appeal that the trial court considered all the factors." **A.V. v. S.T.**, 87 A.3d 818, 822-23 (Pa.Super. 2014). This Court has clarified that "[S]ection 5323(d) requires the trial court to set forth its mandatory assessment of the [custody] factors prior to the deadline by which a litigant must file a notice of appeal." **C.B. v. J.B.,** 65 A.3d 946, 955 (Pa.Super. 2013).

We acknowledge that Grandmother filed the instant petition seeking "visitation" rights. Our Supreme Court has explained the distinction between visitation and custody:

> Visitation and custody are distinct concepts. *See* **Hiller** [**v. Fausey**], 588 Pa. [342,] 346 n. 4, 904 A.2d [875,] 878 n. 4. [(2006)]. Visitation pertains to the right to visit a child but does not include the ability to remove the child from the custodial parent's control. *See* 23 Pa.C.S. § 5302 (repealed). Physical custody refers to the "physical possession and control of a child." 23 Pa.C.S. § 5322(a). As noted, partial physical custody is defined as physical custody for less than a majority of the time. **See id**.

**D.P. v. G.J.P.**, 636 Pa. 574, 585 n. 7, 146 A.3d 204, 210 n. 7 (2016). In **D.P.**, the Supreme Court referred to the definition of the term "visitation" as

- 10 -

set forth in the prior version of Chapter 53, which was repealed and replaced in 2010. *See* Act of Nov. 23, 2010, P.L. 1106, No. 112, Section 2 (as amended 23 Pa.C.S.A. §§ 5321-5340).

However, we observe that the current version of the Custody Act no longer contains a provision for an award of "visitation." ***S.T. v. R.W.***, 192 A.3d 1155, 1165 (Pa.Super. 2018) (providing that "our Custody Law no longer provides a statutory basis to seek 'visitation'") (citing 23 Pa.C.S.A. § 5302 (repealed)). Section 5323(a) of the Custody Act provides that, upon the consideration of the Section 5328 factors, a trial court may "award any of the following types of custody if it is in the best interest of the child: (1) Shared physical custody[,] (2) Primary physical custody[,] (3) Partial physical custody[,] (4) Sole physical custody[,] (5) Supervised physical custody[,] (6) Shared legal custody[,] (7) Sole legal custody." 23 Pa.C.S.A. § 5323(a).

The definition section of the Custody Act now provides that "[i]n a statutory provision other than in this chapter, when the term 'visitation' is used in reference to child custody, the term may be construed to mean: (1) partial physical custody; (2) shared physical custody; or (3) supervised physical custody." 23 Pa.C.S.A. § 5322(b). The term most closely related to the "visitation" rights that Grandmother seeks would be "supervised physical custody," which the Custody Act defines as "[c]ustodial time during which an agency or an adult designated by the court or agreed upon by the parties monitors the interaction between the child and the individual with those rights." 23 Pa.C.S.A. § 5322(a).

In *S.T.*, this Court construed an incarcerated mother's request for the right to contact her minor daughter via telephone as a request seeking "supervised physical custody." *S.T.*, 192 A.3d at 1165. This Court pointed out that the term "supervised physical custody" is defined as "[c]ustodial time during which an agency or an adult designated by the court or agreed upon by the parties monitors the *interaction* between the child and the individual with those rights." *Id*. (emphasis in original). As a result, this Court clarified that a petition for some form of contact (including visitation and telephonic communication) with a child pursuant to the Custody Act constitutes a request for an award of "supervised physical custody" as defined by Section 5322. *Id*. *But see D.P.*, 636 Pa. at 585 n.7, 146 A.3d at 210 n.7 (noting that "Chapter 53 as enacted in 1985 regulated visitation and custody, whereas the 2010 version only governs custody").

In light of our precedent in *S.T.*, we find that Grandmother's petition seeking visitation rights with the Children constituted a request for an award of "supervised physical custody" as defined by Section 5322 of the Custody Act. As we deem Grandmother to be seeking "supervised physical custody" of the Children, the trial court and hearing officer were required to conduct a mandatory assessment of the sixteen custody factors set forth in Section 5328(a), as well as the three statutory custody factors pertaining to a grandparent seeking supervised physical custody pursuant to Section 5328(c)(1). *D.R.L.*, *supra*.

In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court acknowledged that the hearing officer did not specifically discuss any of the custody factors in Section 5328 in her report or on the record in open court. Nevertheless, the trial court summarily concluded that the hearing officer applied and weighed the appropriate statutory factors that affected the well-being and best interest of the Children. Trial Court Opinion, 11/16/20, at 9.

Upon review of the record, we find that the hearing officer's report and recommendation generally discusses the best interests of the Children and cites to the prior statutory law governing child custody that has long been repealed. We find no support for the trial court's finding that the hearing officer's citation of the repealed statute (Section 5303) was a clerical error that could be corrected *sua sponte* as the hearing officer made no reference to the applicable custody factors in the current version of Chapter 53 and did not conduct the mandatory assessment of the relevant statutory custody factors in Section 5328(a) and (c).

As a result, we conclude that the trial court erred and abused its discretion in denying Mother's exceptions to the hearing officer's report and adopting the hearing officer's recommendation without conducting an independent review of the record to determine whether the hearing officer's findings and recommendations were appropriate. ***T.B.***, ***supra***. ***See also M.J.M. v. M.L.G.***, 63 A.3d 331, 339 (Pa.Super. 2013) (explaining that "the Legislature has created a mandatory inquiry to aid trial courts in determining the best interests of the child in a custody dispute").

In addition, we find that the trial court erred in denying Mother's exceptions to the hearing officer's report and recommendation when the hearing officer denied Mother's request to hold the matter open to allow the children to testify as to their wishes with respect to Grandmother's petition.

Grandmother, not Mother, has the burden to demonstrate that an award of supervised physical custody in her favor is in the Children's best interests. **D.R.L.**, **supra**. **See also R.L. v. M.A.**, 209 A.3d 391 (Pa.Super. 2019) (emphasizing that in a custody dispute between a parent and a non-parent, the non-parent has the burdens of production and persuasion). As noted above, one of the sixteen factors that a trial court is required to consider and assess in making a custody award is "[t]he well-reasoned preference of the child, based on the child's maturity and judgment." 23 Pa.C.S.A. § 5328(a)(7).

Accordingly, we vacate the trial court's order adopting the hearing officer's report and recommendation. We remand for the trial court to make an independent consideration and assessment of all of the relevant custody factors set forth in Section 5328(a) and (c) on the record or in a written opinion. The trial court should allow for an additional custody conference at which the Children have an opportunity to testify. The trial court should then enter an Order accordingly.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Olson joins the Opinion.

- 14 -

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/21