J-S19001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GERARDO JIMENEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROSA E. VARGAS | : | |
| | : | |
| Appellant | : | No. 77 EDA 2022 |

Appeal from the Order Entered December 1, 2021
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 0C2100764

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED SEPTEMBER 08, 2022**

Rosa Vargas and Gerardo Jimenez lived together with their minor son from his birth in 2014 until March 2020. The two informally shared custody of the child until 2021 when their situation was no longer sustainable. This action began when Jimenez filed a complaint for primary physical custody on June 16, 2021. After a short hearing, the trial court entered an order on December 1, 2021, awarding shared legal and physical custody with each parent spending equal time with the child. Vargas appeals. After careful review, we conclude the December 1, 2021 order was not a final order and therefore quash.

A custody order is considered final and appealable if it is entered after a hearing on the merits of the case and the court intends for it to be a complete

_____

[*] Former Justice specially assigned to the Superior Court.

resolution of the custody claims at issue. **See G.B. v. M.M.B**., 670 A.2d 714, 720 (Pa. Super. 1996). Here, the trial court itself asserts that it did not intend for the December 1, 2021 order to be a complete resolution of the custody dispute. **See** Letter Request from the Trial Court Judge, 1/21/22. The order itself is labelled "temporary," though admittedly, this is not contained in the title of the document.

We also note that the short hearing and resultant order fail to comply with our substantive requirements for final custody orders. Trial courts are required to consider and assess the custody factors relevant to a particular case on the record, either orally or in writing. **See K.B. v. M.F.**, 247 A.3d 1146, 1155 (Pa. Super. 2021). This Court has explicitly interpreted 23 Pa.C.S.A. § 5323(d) to require trial courts to complete a mandatory assessment of the child custody factors prior to the time at which a litigant must appeal. **See C.B. v. J.B.**, 65 A.3d 946, 955 (Pa. Super. 2013). "Ideally, trial courts should address the statutory factors, either orally in open court or in written opinion, contemporaneously with the issuance of the custody order." **Id**. A trial court must comply with this requirement expressly and failure to do so amounts to an error of law. **See M.J.M. v. M.L.G.**, 63 A.3d 331, 336 (Pa. Super. 2013).

Here, the trial court failed to mention the custody factors at the hearing or why its decision was in the best interest of the child. In the order the trial court adds that the custody arrangement is "based on analysis of the custodial factors"; however, that is the only reference to the factors and the order itself

is strictly logical with no analysis of the factors. **See** Trial Court Order, 12/1/21. The trial court provided no other writing prior to the Notice of Appeal to explain its analysis of the custody factors.

Indeed, Mother's argument on appeal is that the trial court did not hold a full hearing capable of supporting an analysis of the best interests of the child. **See** Appellant's Brief, at 6. She therefore requests that we remand the case to the trial court for a full hearing. **See id.**, at 13 ("WHEREFORE, [Mother requests] that the Court vacate the December 1, 2021 Order and remand this matter to the trial court to conduct a full custody hearing.").

Under these circumstances, we conclude the December 1, 2021 order was not issued after the trial court had completed a full hearing on the merits, nor was it intended to be a final resolution of the parties' custody dispute. It is not a final order, and we therefore do not have jurisdiction to entertain this appeal. **See G.B. v. M.M.B**., 670 A.2d 714, 720-21 (Pa. Super. 1996).[1]

Appeal quashed with instructions.

---

[1] We note that this resolution ultimately grants Mother most of the relief she requested in her Appellant's Brief. Our resolution returns the case to the trial court for the parties to request and schedule a full custody hearing. However, the December 1, 2021 order remains in full effect until modified.

*Judgment Entered.*

_Joseph D. Seletyn, Esq._
*Prothonotary*


*Date: 9/8/2022*