J-S24003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIFFANY A. DAMIANI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY F. SCHMIDT | : | No. 979 EDA 2022 |

Appeal from the Order Entered March 8, 2022
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s):  0C1400505

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 12, 2022**

Tiffany A. Damiani ("Mother") appeals from the denial of her petition for

emergency special relief.[1] We conclude we lack jurisdiction over this order, as

it is not final or otherwise appealable. Accordingly, we are constrained to

quash the appeal.

The parties are the parents to two minor children: one born in 2013 and

the other in 2014. In 2014, Father filed a complaint for custody of the two

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother purported to file her notice of appeal from orders filed on February 11, 2022 and March 8, 2022. Both orders were entered in response to Mother's petition for emergency special relief following two separate hearings held on the petition. However, the docket indicates that the emergency petition was not formally denied until March 8, 2022. To the extent either order is appealable, the March 8, 2022 appeal would include any issues arising from prior orders relating to the petition, such as the February 11, 2022 order. **See K.H. v. J.R.**, 826 A.2d 863, 870-71 (Pa. 2003).

children. After extensive litigation, a final custody order was entered on March 29, 2016, by agreement of the parties, encapsulating the terms of the custody schedule. Pursuant to this final custody order, the parties shared legal custody with Mother having primary physical custody, and Father exercising partial physical custody.

In the ensuing years, the parties continued to litigate contempt petitions based on the custody agreement, none of which are directly relevant to this appeal.

In June 2020, Father filed a petition for contempt, asserting Mother was withholding the children from him during the Covid-19 pandemic. In December 2020, Father filed an emergency petition for special relief, based on similar claims, which was granted after a hearing. In January 2021, an order was entered finding Mother in willful contempt of the custody order and giving Father five additional weekends of partial physical custody. In April 2021, Father again filed a petition for contempt against Mother.

On January 14, 2022, Mother filed a petition to modify the custody order. Several hours later, Mother filed an emergency special petition, asserting that the parties' children had both reported to Mother while playing a board game that Father sometimes tickles their "pee-pees", which Mother indicated was a euphemism for their vaginal area. In the emergency petition, Mother sought to suspend Father's partial physical custody, while instead allowing him to have a supervised dinner with the children once a week.

The trial court held a hearing on the petition for special relief on February 11, 2022. At the hearing, the court heard testimony from both parties, interviewed both children, and considered a doctor's report for both children pertaining to the allegations of potential abuse.

At the end of the hearing, the court entered an order denying Mother's petition for emergency special relief and indicating that the March 29, 2016 final custody order continued to remain in effect. However, as an investigative report from the Department of Human Services ("DHS") remained outstanding, the trial court scheduled a second hearing for the next month in order to consider the DHS report or hear testimony from a DHS worker about the investigation. Further, the court instructed that there be no tickling or touching of the children's vaginas during Father's physical custody periods. The court separately issued subpoenas for the two forensic interviewers DHS had employed, through the Philadelphia Children's Alliance ("PCA"), to interview the children.

On March 8, 2022, after the court had received the DHS report, another hearing was held on the emergency petition. In the evening prior to the hearing, the court received notification from PCA that Mother's counsel had only sent notice of the subpoenas that day. As a result, PCA asserted that having both interviewers out of the office would be a hardship, since they both had a full schedule of interviews booked for March 8th. Due to the asserted

late notice, and the court's possession of the actual DHS report, the forensic interviewers were released from appearing at the hearing.

After consideration of the DHS report, and the testimony and children's interviews taken at the prior hearing, the court determined that no emergency existed and entered another order reiterating that the current custody order from March 29, 2016, was to remain in effect. This timely appeal followed.

On appeal, Mother contends the trial court erred and abused its discretion by (1) determining it was in the children's best interest not to modify Father's physical custody schedule, even on a temporary basis, despite the children's report that Father had allegedly "tickled" their vaginas, (2) declining to permit the childrens' pediatrician to testify, and (3) permitting its staff to excuse the appearance of two subpoenaed forensic interviewers who spoke with the children, with no notice to counsel prior to the hearing.

Before reaching the merits of Mother's claims, we must first consider whether the order at issue is appealable. "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, sua sponte when necessary, whether the appeal is taken from an appealable order.'" *Gunn v. Automobile Ins. Co. of Hartford, Connecticut*, 971 A.2d 505, 508 (Pa. Super. 2009) (quoting *Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000)). "An appeal lies only from a final order, unless permitted by rule or statute." *Stewart v. Foxworth*, 65 A.3d 468, 471 (Pa. Super. 2013).

Generally, a final order is one that disposes of all claims and all parties. **See** Pa.R.A.P. 341(b).

"[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." **G.B. v. M.M.B.**, 670 A.2d 714, 720 (Pa. Super. 1996) (*en banc*). Both conditions must be met for the order to considered final. **See id**.

We conclude the order at issue here is not a final order. The order was entered solely to address the issues framed by Mother's emergency petition, which are interim issues in the parties' ongoing custody proceedings. While the trial court did hold hearings on the emergency petition, the orders entered after those hearings merely resolved the emergency petition and otherwise kept the current custody order in place.

As the trial court mentioned numerous times throughout the hearings on the emergency petition, the February and March 2022 hearings were solely on the narrow issue of whether or not an emergency existed. **See** N.T., 2/11/2022, at 6, 53-4; **see also** N.T., 3/8/2022, at 31-32. The trial court also made clear that the case still awaits a custody hearing and that information can be presented at a future hearing. **See** N.T., 3/8/2022, at 37-38. A review of the trial court dockets attached to the notice of appeal confirms that custody hearings were scheduled for May 2, 2022, and May 7, 2022. Therefore,

hearings on the merits of the custody issues are not complete. It is clear the trial court did not intend for the orders at issue to be its final word on custody. Rather, those orders were the trial court's emergency response required to protect the health, safety, and welfare of the children. Accordingly, the March 8th order was not a final order under our Rules of Appellate Procedure.

Further, the order is not appealable pursuant to the collateral order doctrine, which provides in part:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

Mother fails to argue that the collateral order doctrine could apply here. Further, the issues Mother seeks to raise, such as the need to hear from the children's pediatrician, are intertwined with the ultimate question of where custody should be placed. Therefore, the interim orders at issue cannot be said to be "collateral" or separable from the main custody cause of action. *See G.B.*, 670 A.2d at 721-22.

Accordingly, the order is neither final nor otherwise appealable. Consequently, we lack jurisdiction to review it and must quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2022