J-A22021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TASHA L. DODD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM J. BOWSER | : | |
| | : | |
| Appellant | : | No. 545 WDA 2023 |

Appeal from the Order Dated November 18, 2022
In the Court of Common Pleas of Armstrong County Civil Division at
No(s):  2022-0986-CIV

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                **FILED:  November 21, 2023**

Appellant, Adam J. Bowser ("Father"), appeals from the order entered November 18, 2022, granting a relocation request filed by Tasha L. Dodd ("Mother").  We quash.

The facts and procedural history of this case are as follows.  Mother and Father

> were formally married to each other and have [three] . . . children that were the product of the marriage: A.F.B., age 17, A.C.B., age 14, and A.A.B., age 10 [(collectively, the "Children")] .  The parties [] divorced on April 29, 2021.  The related marriage settlement agreement dated December 12, 2020 had a section on custody providing Mother with primary physical custody and Father with partial custody to take place every other weekend from Friday at 5:00 p.m. to Sunday at 5:00 p.m.

Trial Court Memorandum, 11/18/22, at 1-2.

Mother filed a complaint for custody and a proposed notice of relocation on July 29, 2022. *Id.* at 2. Father opposed Mother's relocation. *Id.* An expediated hearing on Mother's proposed relocation was held on November 17, 2022. The next day, the trial court entered the following order:

> AND NOW, this 18th day of November, 2022, for the reasons set forth in the foregoing Memorandum, it is ORDERED that [Mother's] proposed relocation is APPROVED. It is not necessary to modify the custody-related terms of the December 12, 2020 settlement in order to effectuate the relocation.
>
> The parties and their counsel shall appear for the pre-trial conference as previously scheduled.

Trial Court Order, 11/18/22, at 1.

Father filed a counter-claim for modification of custody on December 2, 2022. On December 6, 2022, Father also moved for reconsideration of the trial court's November 18, 2022 order. The trial court denied reconsideration on December 8, 2022.

The parties proceeded to a custody trial on April 4, 2023. At the outset of the hearing, the trial court adopted the testimony proffered during the November 17, 2022 relocation hearing, as well as the exhibits submitted. N.T. Trial, 4/4/23, at 6-7. Thereafter, the trial court received testimony from, *inter alia*, Mother, Father, and the Children. *Id.* at 7-250. On April 13, 2023, the trial court issued an order in which it "reaffirm[ed] its approval of Mother's relocation" and ordered the parties to continue with shared legal custody, Mother with primary physical custody of A.C.B., and A.A.B., subject to Father's

- 2 -

periods of physical custody every other weekend, and "physical custody of A.F.B. as the parties may agree." Trial Court Memorandum, 4/13/23, at 11.

On May 12, 2023, Father filed an appeal to this Court. Importantly, Father's May 12, 2023 appeal was from the trial court's November 18, 2022 order, which granted Mother's proposed relocation. Thus, we must first address the appealability of the trial court's November 18, 2022 order, as it effects this Court's jurisdiction. *Gunn v. Automobile Ins. Co. of Hartford, Connecticut*, 971 A.2d 505, 508 (Pa. Super. 2009) (quotation omitted) ("'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.'").

It is well-settled that an "appeal lies only from a final order, unless permitted by rule or statute." *Stewart v. Foxworth*, 65 A.3d 468, 471 (Pa. Super. 2013). A final order is one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). In order for a custody order to be considered final or appealable, it must be both "1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." *G.B. v. M.M.B.*, 670 A.2d 714, 720 (Pa. Super. 1996) (*en banc*).

Here, it is evident by the language of the trial court's November 18, 2022 order, as well as the subsequent actions by the parties, that the trial court's November 18, 2022 order was not intended to a constitute a complete resolution of the custody claims. The pertinent hearing and subsequent order

exclusively addressed Mother's proposed relocation. Trial Court Order, 11/18/22, at 1. In its November 18, 2022 order, the court expressed its view that alteration of the parties' custody arrangement was unnecessary for proposes of relocation. **Id.** Notwithstanding this declaration, however, the order further directed the parties and their respective counsel to appear for a previously-scheduled pre-trial conference concerning the parties' custody arrangements. **Id.** Moreover, the matter did, in fact, continue until the parties' custody trial on April 4, 2023. Thus, it is evident that the trial court's November 18, 2022 order granting Mother's proposed relocation was not final and was, therefore, unappealable. **See G.B.**, 670 A.2d at 720; **see also Kassam v. Kassam**, 811 A.2d 1023, 1028 (Pa. Super. 2002) (holding that the trial court's order was not final, and therefore, appealable, because it "expressly retained jurisdiction and schedule[ed] a hearing for a date certain"). As such, we quash Father's appeal.[1]

---

[1] We also note that, even if the trial court's November 18, 2022 order constituted a final order, we still would lack jurisdiction over the instant matter because Father's appeal is untimely. Indeed, Father did not file his notice of appeal until May 12, 2023, well after the time for filing passed. **See** Pa.R.A.P. 903(a)(explaining that a notice of appeal must be "filed within 30 days after the entry of the order from which the appeal is taken"). Hence, for this additional reason, we lack jurisdiction over Father's current appeal. **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) ("[the Superior] Court has no jurisdiction to entertain an untimely appeal") (citation omitted).

Appeal quashed.[2]

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/21/2023

---

[2] Father filed two notices of appeal on May 12, 2023, one from the trial court's November 18, 2022 order, and one from the trial court's April 13, 2023 order. The trial court issued its April 13, 2023 order after the parties' custody trial on April 4, 2023 and the April 13, 2023 order completely resolved the custody claims pending between the parties, namely, Mother's relocation and Mother and Father's claims regarding custody. Father's appeal from the November 18, 2022 order granting Mother's request for relocation substantially duplicates the claims Father raised on appeal from the April 13, 2023 order that reaffirmed the parties' custody arrangement. **Compare** Appellant's Brief (545 WDA 2023) at 4-5 with Appellant's Brief (544 WDA 2023) at 11-12. We have addressed the substance of Father's claims at ***Tasha L. Dodd v. Adam J. Bowser***, 544 WDA 2023.